## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

THOMAS MORTENSEN, and
CARRIE MORTENSEN,

        **Plaintiffs,**

v.

BANK OF AMERICA, N.A.,

        **Defendant.**

**Case No. 23-CV-00156-SEH-CDL**

## OPINION AND ORDER

Before the Court is Defendant Bank of America, N.A.'s ("BOA") Motion to Abate Proceedings Pending Rendition of Related State Court Order. [ECF No. 35]. For the reasons stated below, the Court GRANTS Defendant's motion.

### I. Background

Plaintiffs allege the following in their petition.[1] This case stems from a foreclosure action filed in the District Court of Tulsa County, State of Oklahoma by BOA against Plaintiffs for their purported failure to keep current on their mortgage payments. [ECF No. 2-2 at 6]. As alleged by Plaintiffs, "BOA secured a default judgment" in 2014, which "memorializ[ed] the judgment and relevant amounts." [*Id*.]. Plaintiffs also allege that BOA

---

[1] The operative pleading is titled as a "petition," rather than a "complaint" because this matter was initially filed in state court before being removed to this Court.

executed an "Assignment of Mortgage," after it acquired default judgment against Plaintiffs. [*Id.* at 7]. The assignment purportedly transferred "all beneficial interest under [the Mortgage] … and the money due and to become due thereon with interest and all rights accrued or to accrue under said security instrument" to Bayview Loan Servicing, LLC without reserving any "interest and/or right in the judgment issued in the underlying foreclosure matter." [*Id.*]. Plaintiffs then made payments to Bayview on the mortgage, with approval from the trustee of Plaintiff's bankruptcy case, but they fell behind on those payments as well. [*Id.* at 8]. BOA then initiated foreclosure proceedings and a sheriff's sale of Plaintiffs' residence despite having previously transferred its interest in the mortgage to Bayview. [*Id.* at 9].

Plaintiffs filed an appeal in the state court action, and the appellate court reversed the trial court's decision not to vacate the sale or the order confirming the sale. [*Id.* at 10]. The appellate court also remanded to the trial court for further proceedings. [*Id.*].

Plaintiffs then filed this separate action in the District Court of Tulsa County, State of Oklahoma for damages against BOA. [ECF No. 2-2 at 6–11]. BOA removed the action to this Court [ECF No. 2] and filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). [ECF No. 13]. Before this case was reassigned to the undersigned, all of Plaintiffs' claims were dismissed except for the wrongful foreclosure/malicious prosecution claim. [ECF No. 21].

2

BOA contends that upon remand to the state trial court following the decision from the appellate court, "the state court in the underlying foreclosure action read into the record its findings and order that, among other things, the foreclosure sale and confirmation of the sale were reinstated and ratified, which renders Plaintiffs' claims entirely moot and subject to dismissal on this basis alone." [ECF No. 35 at 1]. The crux of the dispute on remand appears to be whether the sale of the house was properly prosecuted pursuant to Okla. Stat. tit. 12, § 2025(C). The state trial court's order following remand has not been finalized yet, and that issue is the subject of current motion practice. [ECF No. 35 at 2]. BOA requests the court to "abate these proceedings" until the parties can submit the signed state trial court order or a certified copy of the transcript containing those findings, whichever comes first. [*Id.*]. Plaintiffs oppose any stay, but request that if the case is stayed, that it be stayed "until the final resolution of the state court foreclosure case and all related appeals." [ECF No. 38 at 1].

## II. Discussion

District courts have inherent power to manage their dockets, and "the power to stay proceedings is incidental to" that power. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). The party requesting a stay carries the burden of establishing that a stay is needed. *Clinton v. Jones*, 520 U.S. 681, 708 (1997). The decision to stay a case fall with the court's discretion,

but factors to consider include: "[1] whether the [party requesting a stay is] likely to prevail in the related proceeding; [2] whether, absent a stay, [they] will suffer irreparable harm; [3] whether the issuance of a stay will cause substantial harm to the other parties to the proceeding; and [4] the public interests at stake." *United Steelworkers of America v. Oregon Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003).

The Court first addresses the question of whether BOA is likely to prevail in the state court proceedings. The Court does not have the benefit of the state court's order following the evidentiary hearing on remand or any transcript of those proceedings. Therefore, the Court cannot say whether BOA has or is likely to prevail based on the current record. This factor does not weigh in either party's favor.

Second, BOA claims it will suffer irreparable harms because continuing this action will require "the parties [to] face duplicative efforts, including discovery, dispositive motions and even trial" as well as potentially inconsistent rulings. [ECF No. 35 at 5]. While these are certainly potential harms, BOA does not sufficiently explain why these harms would be irreparable. This factor weighs in Plaintiffs' favor.

Third, Plaintiffs will not suffer "substantial harm" if this matter is stayed for some period. Plaintiffs contend that if the matter is stayed, they "will effectively be denied a forum for their claims against BOA." [ECF No. 38 at

4

6]. Not so. A stay will certainly delay a ruling on Plaintiffs' claims for relief, and the Court does not take lightly. *Cf.* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the … speedy … determination of every action and proceeding."). A temporary stay will not deny Plaintiffs' a forum, and this factor weighs in Defendants' favor because the public interest, as explained below, substantially outweighs any harm from a delay.

Fourth, BOA asserts that a stay would promote judicial economy and allow "the Court [to] be fully informed as to the cases on its docket and that each of the parties to the lawsuit [would] have a full and fair opportunity to present their claims." [ECF No. 35 at 6]. Plaintiffs argue in response that there is no risk of duplicative litigation because of BOA's representation that it is not a party "to the state court action unless it is going to defend the appeal of the most recent findings of the state court." [ECF No. 38 at 5–7]. Regardless of whether the matters are truly duplicative, the Court finds that based on the record before it, the state trial court's order on remand will likely be highly relevant to the Court's determination on any dispositive motions. The Court further finds that without the benefit of the state trial court's order, there is a reasonable risk of inconsistent rulings, which is another factor the Court can consider. *Mike Hughes Architects, P.C. v.*

5

*Henning Paric Commercial, LLC*, No. 21-CV-0039-CVE-SH, 2021 WL 6012740, at *2 (N.D. Okla. Nov. 8, 2021) (citation omitted and considering the risk of inconsistent rulings). The public interest factor weighs heavily in BOA's favor.

### III. Conclusion

Based on the foregoing, the Court GRANTS Defendant Bank of America, N.A.'s Motion to Abate Proceedings Pending Rendition of Related State Court Order. This matter is STAYED until an order is entered regarding the evidentiary hearing held on September 11, 2024, in Case Number CJ-2014-2079, District Court of Tulsa County, State of Oklahoma. The parties are ORDERED to file a notice with this Court within 14 days of the date the state trial court enters its order, and the parties must attach a certified copy of that order as an exhibit to their notice.

Because this matter is stayed, the Court STRIKES the current Scheduling Order in this matter [ECF No. 30], but the settlement conference currently set for October 10, 2024, will proceed as directed in [ECF No. 31]. The Court will enter a new scheduling order and set new reply deadlines regarding [ECF Nos. 32 & 33] upon receipt of the parties' notice regarding the state trial court's order.

DATED this 8th day of October, 2024.


Sara E. Hill
UNITED STATES DISTRICT JUDGE